FILED
2020 Apr-27  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY L. HINTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NUMBER: |
| | ) | 20- |
| v. | ) | JURY DEMAND |
| | ) | |
| UNITED STATES PIPE and | ) | |
| FOUNDRY COMPANY, LLC (U.S. | ) | |
| PIPE) and INTERNATIONAL | ) | |
| ASSOCIATION OF MACHINISTS | ) | |
| AND AEROSPACE WORKERS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### I.   JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331,

1343(4), 2201 and 2202 and  the Act of Congress known as the Civil Rights Act of

1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*, and 42

U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of and

redress deprivation of rights secured by 42 §2000e *et seq.* and  42 U.S.C. §1981

providing for injunctive and other relief against race discrimination and retaliation

in employment.

2.	The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§1331, 1343(4); 28 U.S.C. §§ 201 and 2202; and 42 U.S.C. 2000e-5(f)(3).

3.	Plaintiff timely filed his EEOC Charges of Discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff timely filed his claims of race discrimination and retaliation within 90 days of the receipt of his right-to-sue letters from the Equal Employment Opportunity Commission.

4.	Any and all of Plaintiff's 42 U.S.C. §1981 claims do not require the filing of an EEOC Charge.

5.	The unlawful employment practices alleged herein below were committed by defendant within the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

## II.	PARTIES

6.	Plaintiff, Terry L. Hinton, Jr., is an African-American male citizen of the United States and a resident of Bessemer, Jefferson County, Alabama. Plaintiff is and has been employed by Defendant, U.S. Pipe, at its Bessemer, Jefferson County, Alabama location at all times relevant to this lawsuit.

7.	Defendant, United States Pipe and Foundry Company, LLC (U.S. Pipe) is an entity doing business in Alabama and is subject to suit under 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981. Defendant employs at least fifteen (15) persons.

2

8.    Defendant, International Association of Machinists and Aerospace Workers ("Union") is a necessary and required party to this lawsuit, pursuant to F.R.Civ.P. 19(a)(1), is doing business in Alabama, and is subject to suit under 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981. Defendant employs at least fifteen (15) persons.

## III.   CAUSES OF ACTION
        RACE AND RETALIATION

9.    Plaintiff re-alleges and incorporates by reference paragraphs 1-8 with the same force and effect as if fully set out in specific detail hereinbelow.

10.   Plaintiff has been discriminated against because of his race in promotions, pay/pay raises associated with promotions, job postings, job/work duties and responsibilities, overtime, grievances, policies and procedures, and other terms and conditions of employment along with being retaliated against by Defendants because of his complaints/reports regarding race discrimination.

11.   Plaintiff is currently employed with U.S. Pipe in Bessemer, Alabama. Plaintiff has filed several charges of race discrimination against U.S. Pipe. Plaintiff filed charges with the EEOC alleging race discrimination, after making internal complaints regarding same, in 2014, 2015, 2016, 2018 and 2019.

12.   Plaintiff began his employment with U.S. Pipe on January 2, 2013 as a

Machinist C in the Fabricated Products Department.

13.    Pursuant to an agreement with the International Association of Machinists I"IAM"), Defendant Union bargaining unit, U.S. Pipe changed Plaintiff's job title to Machinist B effective January 1, 2014. Plaintiff continues to hold this position as of today.

14.    Throughout Plaintiff's employment, he has applied/bid on numerous positions at the Plant, including, but not limited to:

(a)    Machinist position on or about December 2, 2016. Plaintiff was qualified for said Machinist position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(b)    Mold Shop Technician position on or about February 13, 2017. Plaintiff was qualified for said Mold Shop Technician position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(c)    Mold Shop Technician position on or about May 22, 2017. Plaintiff was qualified for said Mold Shop Technician position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(d)    Millwright A position on or about June 14, 2017. Plaintiff was qualified for said Millwright A position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(e)    Millwright A position on or about June 15, 2017. Plaintiff was qualified for said Millwright A position; however, was not selected. On information and belief, a less qualified and/or less

senior applicant was selected.

(f)     Maintenance and Fabricating Supervisor position on or about December 14, 2017.  Plaintiff was qualified for said position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(g)     Maintenance and Fabricating Supervisor position on or about February 1, 2018.  Plaintiff was qualified for said Supervisor position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(h)     Maintenance-Millwright A position on or about February 21, 2018.  Plaintiff was qualified for said Maintenance-Millwright A position; however, was not selected.  On information and belief, a less qualified and/or less senior applicant was selected.

(i)     Machinist A position (second shift) on March 5, 2018.  Said position was awarded to a Caucasian employee.  Plaintiff was qualified to perform said Machinist A Position. On information and belief, a less qualified and/or less senior applicant was selected.

(j)     Machinist position on or about March 30, 2018.  Plaintiff was qualified for said Machinist position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(k)     Maintenance - Millwright A position on or about June 10, 2018. Plaintiff was qualified for said position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(l)     Production Supervisor position on or about August 8, 2018. Plaintiff was qualified for said position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(m)   Maintenance Technician position on or about December 14, 2018. Plaintiff was not selected for position. Plaintiff was qualified to perform said Maintenance Technician position. On information and belief, a less qualified and/or less senior applicant was selected.

(n)   Machinist position on or about February 15, 2019. Plaintiff was qualified to perform said Machinist position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(o)   Machinist A position on or about February 16, 2019. Plaintiff was qualified to perform said Machinist A position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(p)   Machinist A position on or about March 21, 2019. Plaintiff was qualified to perform said Machinist A position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(q)   Maintenance Supervisor on or about May 16, 2019. Plaintiff was qualified to perform the Maintenance Supervisor position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(r)   Machinist A position on or about September 6, 2019. Plaintiff was qualified to perform the Machinist A position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(s)   Leadperson position on or about September 4, 2019. Plaintiff was qualified for said Leadperson position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(t)   Machinist position on 2nd shift on or about December 13, 2019. Plaintiff was qualified for said position; however, the position was filled with an outside Caucasian individual, who was less qualified and less senior than Plaintiff.

(u)   Machinist A position, Mold Shop, on or about January 27, 2020. Plaintiff was qualified to fill said Machinist A position; however, was not selected. On information and belief, a less qualified and/or less senior applicant was selected.

(v)   Supervisor Fabrication-Processing position on or about February 21, 2020. Plaintiff was qualified for said position; however, was not selected.On information and belief, a less qualified and/or les senior applicant was selected.

15.   Plaintiff applied for each of these positions either in person and/or online. On information and belief, most, if not all of the positions were given to less senior, less qualified Caucasian candidates other than Plaintiff.

16.   Each and every time Plaintiff applied and was not selected, he made a complaint to both Defendant U.S. Pipe and Defendant Union. Plaintiff's complaint(s) were that he was not being selected for said positions due to his race, African-American.

17.   On information and belief, Plaintiff also believes that if an African-American is selected for a Machinist position, his pay is not as high as that of similarly situated Caucasian employees receiving said position(s).

18.   In May of 2019, Caucasian employee, Jordan LNU, was selected for the

7

Mold Shop Tech position the plaintiff bid on and did not receive. Jordan was then promoted into a Mold Shop Supervisor position. Because of his race and his constant complaints about race discrimination, Plaintiff was not and is not given the opportunities to move into positions that would further his career as Caucasian employees are given.

19.   Along with himself, Plaintiff is aware of other African-American employees being overlooked for positions, including but limited to Machinist A positions, even though they are qualified and have more seniority than the Caucasians receiving the positions. Again, Plaintiff has complained regarding the racial discriminatory selection process and procedures utilized in selecting candidates for positions.

20.   Caucasian supervisors tell Caucasian employees when drug testing will occur so they will not be at work. Specifically, on July 9, 2019, Supervisor Gary Dunlop, told Leadman Phillip Burchfield not to come to work on Wednesday, July 10, 2019 because the company would be doing drug tests. African-American employees are not afforded the same treatment.

21.   Caucasian supervisor, Gary Dunlop, cussed at and called an African-American employee "boy" on or about July 25, 2019. No discipline was given to Supervisor Dunlop.

22.     On August 21, 2019, an African-American co-worker asked Union Official Willie Hill what he was going to do about the discrimination inside U.S. Pipe.  Mr. Hill replied "it does not affect me. You guys will have to fight for yourself."

23.     On August 21, 2019, Plaintiff asked Matt Griggs, Demarko Thomas and Carlos Mixon to file a grievance on his behalf because Jordan LNU, Mold Shop Supervisor, discriminates against African-Americans.  Seth Engal, Caucasian, was given a day shift job in the mold shop without the job going through the bid process. U.S. Pipe placed his night shift job up for bid; however, no one was given the opportunity to sign the day shift job. Plaintiff told Matt Griggs, Union Representative, that his seniority rights were being bypassed by not given everyone an opportunity to sign the day shift job left vacant by Stanley Swindle who was retiring.

24.     Plaintiff requested that a grievance be filed on or about September 22, 2019 regarding an incident in the Fab Shop with supervisor Dunlop.  Plaintiff's grievance request was refused by the Union.

25.     Defendant condones the sleeping of Caucasian supervisors while on the job.  Caucasian employees/supervisors are not disciplined in the same manner as African-American employees for violation of policies and procedures.

26.     Plaintiff has also made complaints, based on race, regarding how

9

overtime hours are allocated between employees and/or departments. Defendant sends African-American employees home while allowing Caucasian employees to stay and work overtime hours.

27.     All of Plaintiff's complaints regarding race discrimination and retaliation, through the union, have been tabled, unheard or not written up as a grievance.

28.     Plaintiff believes he has been and continues to be discriminated against by the Defendants because of his race, African-American, and in retaliation of his previous complaints regarding said discrimination, in regards to representation of his complaints of discrimination regarding pay, job bids, promotions, postings, grievances, overtime, and other terms and conditions of employment in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981.

29.     Defendants' proffered reason(s) for Plaintiff's discriminatory treatment are pretext for race discrimination and retaliation.

30.     Defendants' actions are and have been wilful.

31.     As a result of the defendants' actions, Plaintiff has suffered and continues to suffer extreme harm, including, but not limited to, loss of wages, employment opportunities and extreme mental anguish.

32.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendants are violative of the rights of Plaintiff as secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

2.      Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from continuing to violate 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

3.      Enter an order requiring Defendants to make Plaintiff whole by awarding him instatement into any and all positions and pay he would have had received in the absence of race discrimination and retaliation, back-pay (plus interest), front-pay, punitive, and compensatory damages and/or nominal damages, declaratory and

injunctive relief, and benefits.

4.      Plaintiff further prays for such other relief and benefits as the cause of

justice may require, including but not limited to, an award of costs, attorney's fees

and expenses.


## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

Respectfully submitted,

Gregory O. Wiggins
WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)
gwiggins@wigginschilds.com

## DEFENDANTS' ADDRESSES:

United States Pipe and Foundry Company, LLC
        ("U.S. Pipe")
Two Chase Corporate Drive
Suite 200
Birmingham, Alabama 35244

International Association of Machinists
        and Aerospace Workers
502 East Plaza Drive
Enterprise, Alabama 36330

13